UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL EDWARD LEE,

                                        Plaintiff,

                -vs-                                          13-CV-1151-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                        Defendant.
_____

APPEARANCES:   LAW OFFICES OF KENNETH HILLER (KENNETH HILLER, ESQ.)
               Amherst, New York, for Plaintiff.

               WILLIAM J. HOCHUL, JR., United States Attorney (SIXTINA
               FERNANDEZ, Special Assistant United States Attorney, of Counsel),
               Buffalo, New York, for Defendant.


## <u>INTRODUCTION</u>

        This matter has been transferred to the undersigned for all further proceedings, by

order of United States District Judge William M. Skretny dated December 15, 2014 (Item

15).

        Plaintiff Michael Edward Lee initiated this action on November 25, 2013 pursuant

to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final

determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's

application for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") benefits under Titles II and XVI of the Act.  Both parties have moved for judgment

on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Items

9, 13).  For the following reasons, plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

## BACKGROUND

Plaintiff was born on March 26, 1980 (Tr. 104, 111).[1]  He protectively filed an application for SSI and DIB on May 20, 2011, alleging disability due to diabetes and hypertension, with an onset date of May 25, 2009 (Tr. 126).  The claims were denied initially on July 12, 2011 (Tr. 59-64).  Plaintiff then requested a hearing, which was held on June 21, 2012, before Administrative Law Judge ("ALJ") Robert T. Harvey (Tr. 29-50).  Plaintiff appeared and testified at the hearing, and was represented by counsel.

On July 19, 2012, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act (Tr. 18-25).  Following the sequential evaluation process outlined in the Social Security Administration regulations (*see* 20 C.F.R. §§ 404.1520, 416.920), the ALJ found that plaintiff's impairments (insulin dependent diabetes mellitus and diabetic neuropathy), while "severe," did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") (Tr. 20-21).  Additionally, the ALJ found that plaintiff's headaches and hypertension were not severe impairments (Tr. 20).  The ALJ discussed the evidence in the record, including medical records, the report of a consultative medical source, and plaintiff's hearing testimony.  He determined that plaintiff was incapable of performing his past relevant work as a deli worker (Tr. 24) but has the residual functional capacity ("RFC") to perform light

---

[1]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner in this action.

work with certain non-exertional limitations (Tr. 21).  Specifically, the ALJ found that plaintiff should not work around unprotected heights and  heavy, moving, or dangerous machinery, and should avoid ropes, ladders, scaffolds and temperature extremes.  *Id.*  Using Medical-Vocational Rule 202.17 as a framework, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy and thus is not disabled within the meaning of the Act (Tr. 25).

The ALJ's decision became the final decision of the Commissioner on October 24, 2013, when the Appeals Council denied plaintiff's request for review (Tr. 1-5), and this action followed.

In his motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because (1) the ALJ's RFC determination, based on the opinion of the consultative physician, was not supported by substantial evidence; (2) the ALJ erred in failing to obtain an opinion from plaintiff's treating physician regarding his RFC; and (3) the ALJ erred in his consideration of plaintiff's subjective complaints. *See* Items 9-1, 14.  The government contends that the Commissioner's determination should be affirmed because the ALJ's decision was made in accordance with the pertinent legal standards and is based on substantial evidence. *See* Item 13-1.

## DISCUSSION

I.   **Scope of Judicial Review**

The Social Security Act provides that, upon district court review of the

Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive …." 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012).  The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773).  "Failure to apply the correct legal standard constitutes reversible error, including,

4

in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted).   Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.   42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265.   "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).   Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.   *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant."

*Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf.*

*Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013). "Genuine conflicts in the

medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the

court "must show special deference" to credibility determinations made by the ALJ, "who

had the opportunity to observe the witnesses' demeanor" while testifying. *Yellow Freight*

*Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II.    Standards for Determining Eligibility for Disability Benefits

To be eligible for SSI and DIB under the Social Security Act, plaintiff must present

proof sufficient to show that he suffers from a medically determinable physical or mental

impairment "which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months …," 42 U.S.C.

§ 423(d)(1)(A), and is "of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy …." 42 U.S.C.

§ 423(d)(2)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). As indicated above, the

regulations set forth a five-step process to be followed when a disability claim comes

before an ALJ for evaluation of the claimant's eligibility for benefits. *See* 20

C.F.R.§§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is

presently engaged in substantial gainful activity. If the claimant is not, the ALJ must decide

if the claimant has a "severe" impairment, which is an impairment or combination of

impairments that has lasted (or may be expected to last) for a continuous period of at least

12 months which "significantly limits [the claimant's] physical or mental ability to do basic

work activities …." 20 C.F.R. §§ 404.1521(a), 416.921(a); *see also* §§ 404.1509, 416.909 (duration requirement). If the claimant's impairment is severe and of qualifying duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings. If the impairment meets or equals a listed impairment, the claimant will be found to be disabled. If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity to perform his or her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant has the RFC to perform his or her past relevant work, the claimant will be found to be not disabled. Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires the ALJ to determine whether the claimant is capable of performing any work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof with respect to the first four steps of the analysis. If the claimant meets this burden, the burden shifts to the Commissioner to show that there exists work in the national economy that the claimant can perform. *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)). "In the ordinary case, the Commissioner meets h[er] burden at the fifth step by resorting to the applicable medical vocational guidelines (the grids), … [which] take into account the claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience." *Rosa*, 168 F.3d at 78 (internal quotation marks, alterations and

citations omitted).  If, however, a claimant has non-exertional limitations (which are not accounted for in the Grids) that "significantly limit the range of work permitted by his exertional limitations then the grids obviously will not accurately determine disability status …." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (internal quotation marks and citation omitted).  In such cases, "the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the national economy which claimant can obtain and perform.' " *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603).

### III.    The ALJ's Disability Determination

ALJ Harvey determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since May 25, 2009, the alleged onset date (Tr. 20). At steps two and three, as indicated above, the ALJ found that plaintiff's hypertension and headaches were not severe and that his diabetes and diabetic neuropathy, while severe, did not meet or equal the severity of any of the impairments in the Listings (Tr. 20-21).

At step four, the ALJ discussed the medical evidence of record, including plaintiff's treatment records and hearing testimony.  The ALJ afforded significant weight to the opinion of consultative physician Donna Miller, D.O. (Tr. 22-23).  Dr. Miller observed that plaintiff was in no acute distress, his gait was normal, he had full range of motion in his upper extremities, his joints were stable and non-tender, his grip strength was 5/5, and hand and finger dexterity was intact (Tr. 22-23).  Dr. Miller diagnosed diabetes and diabetic neuropathy.  The only limitation she noted was that plaintiff should avoid temperature extremes due to his neuropathy (Tr. 23).

Based on his review of the evidence, the ALJ found that plaintiff had the RFC to

perform light work with certain non-exertional limitations that had little or no effect on the occupational base of unskilled light work (Tr. 24-25).  Accordingly, the ALJ determined that plaintiff was not disabled (Tr. 25).

## IV.    Plaintiff's Motion

### A.  The RFC Determination

Plaintiff argues that the ALJ's RFC determination was not based on substantial evidence  because the consultative physician did not give any opinion regarding plaintiff's ability to sit, stand, walk, or lift. In determining plaintiff's RFC, the ALJ gave significant weight to the opinion of the consultative examiner, Dr. Donna Miller.  In her report, Dr. Miller noted a diagnosis of diabetic neuropathy (Tr. 256).  The only limitation she specified was that plaintiff "should avoid any temperature extremes given his neuropathy." *Id.* Plaintiff had a normal gait and stance, he needed no assistance, his grip strength was 5/5, and his dexterity was intact (Tr. 255-56).  At the hearing, plaintiff testified that he had no problems sitting, standing,  reaching, pushing, or pulling (Tr. 41-42).  He stated that he could lift a gallon of milk, but was unsure if he could lift a 20-pound bag of potatoes (Tr. 41).

The ALJ determined that plaintiff had the RFC to perform light work, which involves lifting no more than 20 pounds with frequent lifting or carrying of objects up to 10 pounds, requires a good deal of walking or standing, or may require some pushing or pulling of arm or leg controls.  20 C.F.R. §§ 404.1567(b), 416.967(b).  The ALJ noted plaintiff's non-exertional limitations related to his neuropathy, including prohibitions on work in unprotected heights, around heavy machinery, on ladders and scaffolds, and exposure to

temperature extremes (Tr. 21).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945.  *See Martone v. Apfel*, 70 F.Supp.2d 145, 150 (N.D.N.Y. 1999).  An ALJ must specify the functions plaintiff is capable of performing, and may not simply make conclusory statements regarding a plaintiff's capacities. *Id.*  RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations. *Id.* (citing *LaPorta v. Bowen*, 737 F.Supp. 180, 183 (N.D.N.Y. 1990)).

Here, the ALJ's determination of plaintiff's RFC is supported by substantial evidence.  Plaintiff's admitted functional abilities, including his ability to sit, stand, reach, push, and pull, together with Dr. Miller's findings regarding his ability to walk and lift, amply support the determination that plaintiff can sit, stand, walk, and lift consistent with the regulatory definition of light work.  The ALJ specified the functions plaintiff is capable of performing, tracking the language of the regulations.  Accordingly, plaintiff is not entitled to remand on this ground.

### B.  Duty to Develop the Record

Plaintiff further argues that the ALJ had the duty to develop the record by obtaining a statement from one of plaintiff's treating providers regarding his RFC.  "It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not discharged." *Brown v. Comm'r of Soc. Sec.*, 709 F.Supp.2d 248, 255 (S.D.N.Y. 2010) (citations omitted).  Despite this duty,

however, courts in this Circuit have found that "it is not per se error for an ALJ to make the RFC determination absent a medical source assessment as to what the claimant can still do despite the limitations caused by his or her impairments." *Housser v. Colvin*, 2015 WL 162985, at *5 (W.D.N.Y. Jan.13, 2015) (quotations omitted). "[R]emand is not always required when an ALJ fails in his duty to request opinions, particularly where ... the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013). "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012) (quotations and citations omitted). The question is whether the administrative record, even lacking the opinion of a treating physician, is "robust enough to enable a meaningful assessment of the particular conditions on which the petitioner claims disability." *Sanchez v. Colvin*, 2015 WL 736102, at *7 (S.D.N.Y. Feb.20, 2015).

In this case, the court finds that the ALJ was not obligated to obtain additional opinions from plaintiff's treating sources regarding his functional limitations.  The report of the consultative examiner was not inconsistent with the relatively benign clinical findings and assessments of plaintiff's treating physicians.  Dr. Miller noted the diagnosis of diabetes mellitus and diabetic neuropathy and found that plaintiff should avoid temperature extremes due to the neuropathy.  The record contained a complete medical history and sufficient evidence from which the ALJ could properly assess plaintiff's RFC.  Accordingly, plaintiff is not entitled to remand on the ground.

### C.  Credibility Assessment

Finally, plaintiff argues that the ALJ erred in assessing his testimony regarding his subjective complaints.  The Social Security regulations require a two-step process for the ALJ to consider the extent to which subjective evidence of symptoms can reasonably be accepted as consistent with the medical and other objective evidence.  *Brownell v. Comm'r of Soc. Sec.*, 2009 WL 5214948, at *3 (N.D.N.Y. Dec. 28, 2009).  First, the ALJ considers whether the medical evidence shows any impairment "which could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, if an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(b), 416.929(b).  When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the details of the case record as a whole. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

In evaluating the plaintiffs credibility, the ALJ must consider several factors, including: the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and

restrictions due to pain or other symptoms. *Stewart v. Barnhart*, 235 F.R.D. 579, 590 (W.D.N.Y. 2006); *see* 20 C.F.R. §§ 404.1529(c), 416.929(c).  Generally, it is the function of the ALJ, not the reviewing court, to appraise the credibility of witnesses.  *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

In this case, the ALJ properly applied the two step analysis. First, the ALJ found that plaintiff's medically determinable impairments could be expected to cause the alleged symptoms (Tr. 23).  Second, the ALJ determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the ..."  RFC determination.  *Id.*  The ALJ noted that plaintiff, although diabetic, smokes cigarettes, does not exercise regularly, and has poor dietary habits (Tr. 23, 317).  The ALJ was permitted to consider plaintiff's noncompliance with treatment as a factor weighing against his credibility. *See Jackson v. Barnhart*, 2008 WL 1848624, at *11 (W.D.N.Y. Apr.23, 2008) (finding plaintiffs missed appointments with her counselors and failure to adhere to medication regimen weighed against plaintiffs credibility). Moreover, there is nothing in the medical records that supports plaintiff's contention that he is completely disabled.  Accordingly, the ALJ properly assessed plaintiff's testimony and plaintiff is not entitled to remand on this ground.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Item 9) is denied, the Commissioner's motion (Item 13) is granted, and the case is dismissed.  The Clerk of the Court is directed to close this case.

13

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   May 27, 2015